IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. TARR, <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY,[1] <br> *Commissioner of Social Security,* <br><br> Defendant. | Civil Action No. 23-1118 |

O R D E R

AND NOW, this 18th day of July, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff contends that substantial evidence does not support the Administrative Law Judge's ("ALJ") non-disability determination. (Doc. No. 11). Specifically, Plaintiff contends that the light occupations identified by the Vocational Expert ("VE") apparently conflict with the Dictionary of Occupational Titles ("DOT") because the ALJ's residual functional capacity ("RFC") determination limited Plaintiff to occasional overhead reaching, while the identified occupations require frequent reaching without differentiation between directions of reaching. (*Id.* at 5-6). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

Plaintiff urges that, pursuant to the DOT, the identified jobs of marker, router, and small parts assembler require frequent reaching. (*Id.* at 5). Plaintiff contends these identified jobs are in conflict with his RFC, which limits Plaintiff to only "occasional" overhead reaching. (*Id.* (citing R. 15)). Plaintiff posits the ALJ failed to resolve this conflict and that this error requires the Court to vacate the ALJ's opinion and remand. (*Id.* at 6). The Court disagrees and finds there is no unresolved conflict between the jobs cited by the VE and Plaintiff's RFC.

The United States Court of Appeals for the Third Circuit recognized in *Zirsnak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014), that the Commissioner bears the burden of demonstrating that a claimant can perform jobs existing in the national economy at Step Five of the sequential analysis. In determining what work a claimant can perform, "the Commissioner uses a variety of sources of information, including the DOT, the SSA's own regulatory policies (found in the Code of Federal Regulations ('CFR')), and testimony from VEs." *Id.* at 616. "As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." *Id.* at 616 (citations omitted). However, VE testimony is not inconsistent with the DOT where the DOT is silent on an issue. *See, e.g., Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015) (noting no conflict existed when the DOT was silent with regard to a sit/stand option); *Phillips v. Berryhill*, No. 15-5204, 2017 WL 2224931, at *7 (E.D. Pa. May 22, 2017) (stating "[t]he Third Circuit Court of Appeals has recognized that the DOT's silence with regard to the sit/stand option does not place it in conflict with jobs identified by a VE").

Here, no conflict exists between Plaintiff's RFC and the VE's identified jobs. The identified jobs of marker (DOT # 209.587-034), router (DOT # 222.587-038), and small parts assembler (DOT # 706.684-022) require "frequent" reaching, meaning reaching from

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

                                        s/Alan N. Bloch
                                        United States District Judge

ecf:        Counsel of record

---

1/3 to 2/3 of the time without any differentiation between directions of reaching. They therefore do not specify any specific amount of overhead reaching. As the DOT is silent with regard to overhead reaching, there is no error in the ALJ's decision to rely on the VE's testimony without identifying and resolving a conflict between that testimony and the DOT. *See Parker v. Colvin*, No. 13-1222, 2014 WL 4662095, at *9 (W.D. Pa. Sept. 19, 2014) (affirming an ALJ's decision because no conflict existed where the jobs identified in the DOT required constant/frequent reaching and the RFC precluded overhead reaching as the DOT was silent as to whether the reaching was "overhead"); *Kowal v. Saul*, No. 18-1350, 2020 WL 490962, at *3 (W.D. Pa. Jan. 30, 2020) (finding no conflict existed where the identified jobs required frequent reaching but did not reference overhead reaching and the claimant's RFC precluded overhead reaching). Further, during the hearing, the ALJ specifically asked the VE whether her testimony was consistent with the DOT. (R. 60-61). The VE responded that her testimony was consistent, explaining, "[i]t is, [y]our [h]onor, but what's not covered by the DOT such as breaks, absences, task time, contact with others, decision making, changes in the workplace, pushing and pulling, differentiation in reaching and in climbing, that's all based on my training, education, experience and knowledge of how jobs are performed." (R. 61). As the ALJ inquired about any conflicts and was assured that the VE's testimony was consistent with the DOT, the ALJ was entitled to rely on the VE's testimony. *See* SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). As such, Plaintiff's contention that an unresolved conflict exists is without merit and remand is not required.

       The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.